UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JOHN M. FELTS, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 1:10-cv-238 |
| v. ) | |
| ) | Judge Mattice |
| CLEVELAND HOUSING AUTHORITY, ) | |
| ) | |
| *Defendant.* ) | |

## MEMORANDUM AND ORDER

Before the Court are two of Plaintiff's recently-docketed filings, his "Motion to Reasonable Accommodation and to Expunge Plaintiff/Counter-Defendant's August 12, 2010 Eviction Record [Court Doc. 44] ("Pl.'s Mot. to Expunge") and his "Response to Defendant/Counter-Plainteff's Notice That Parties Do Not Desire to Utilize Federal Court Mediation Program" [Court Doc. 45] ("Pl.'s Mediation Notice Respon."). It appears as though at some time within the past few months, Plaintiff mailed these two documents to this Court's chambers *ex parte* rather than to the Clerk's Office as he is required to do if he wishes them to be officially filed and docketed.

This requirement is imposed, in part to avoid the current situation, but as Plaintiff appears to refer to these documents in later filings, the Court relayed them to the Clerk's Office immediately upon discovering they were not duplicates of materials already on file and directed them to be docketed. It is not clear when the materials were actually received in Chambers, but since Plaintiff's papers filed properly are on file close in time – usually within one week – to the date on the documents, the Court directed the Clerk's Office to mark the instant filings as filed on February 24, 2011, the date on their faces.

## I. Motion to Reasonable Accommodation and to Expunge [Court Doc. 44]

As the Court discusses in depth in its concurrently-issued ruling on Plaintiff's Motions to Remand [Court Doc. 13] and to Amend [Court Doc. 39] and Defendant's Motion to Strike and for Default Judgment [Court Doc. 22], Plaintiff represents himself in this matter, a status carrying with it certain rules of construction and duties for Plaintiff.

Although a *pro se* pleading must be construed liberally and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), his *pro se* status does not exempt the Plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. Texas,* 929 F.2d 168, 171 (5th Cir. 1991). *Pro se* plaintiffs must comply with Federal Rule of Civil Procedure 8, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Props. v. Portage Metro Hous. Auth.,* 55 F.3d 1097, 1104 (6th Cir. 1995). Further, this Court is not "required to create [Plaintiff]'s claims for him," because "[t]o do so would requir[e the] courts to explore exhaustively all potential claims of a *pro se* plaintiff" and would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000) (internal quotation marks and citations omitted).

Plaintiff's "Motion to Reasonable Accommodation and to Expunge Plaintiff/Counter-Defendant's August 12, 2010 Eviction Record," asks the Court to "grant [him] his reasonable accommodation request and remove [his] unjust eviction records." (Pl.'s Mot. to Expunge 11.) Defendant filed its response – "Defendant/Counter-Plaintiff's Response

to Motion to Reasonable Accommodation and to Expunge Plaintiff/Counter-Defendant's August 12, 2010 Eviction Record" [Court Doc. 46] ("Def.'s Expunge Respon.") – on September 12, 2011. In that response, Defendant argues that it "does not know what, if any, response is warranted" because "the nature of the motion unclear to CHA"; Plaintiff "has not cited to any of the Federal Rules of Civil Procedure so as to indicate the purpose of this motion"; and "there is no documentation attached to the motion constituting evidence." (*Id.*)

Even construing it liberally, this motion suffers significantly from a lack of clarity as to the legal basis for Plaintiff's requests and entitlement to relief. The latter action – expunging Plaintiff's Eviction Record – does not appear to be within the power of this Court, *see* Tenn. Code Ann. § 40-32-101, and the former – granting a reasonable accommodation request – to the extent it is a cognizable claim at all, merely amplifies his legal arguments relating to Defendant's denial of reasonable accommodation request claim made pursuant to the Fair Housing Act, 42 U.S.C. § 1301 *et seq.*

Under Fed. R. Civ. P. 15(a), "the court should freely give leave [to amend] when justice so requires." "[U]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" are among the reasons that a court may deny leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Neither bad faith nor dilatory motive appear to be at issue in this case, nor had Plaintiff, at the time he submitted this pleading, repeatedly failed to cure deficiencies identified in his complaint.

Finally, although much of the delay due to the misdirected mail is attributable to the

Plaintiff, such delay does not appear to be undue, nor does it appear that it would prejudice Defendant. Two weeks after mailing this document, Plaintiff moved to file an amended complaint. (Court Doc. 30, "Motion to Amended Complaint.") Plaintiff's motion was granted on April 18, 2011, and the Amended Complaint [Court Doc. 33] was filed on May 6, 2011. In his Amended Complaint, Plaintiff discusses explicitly his rights pursuant to the Fair Housing Act twice (Court Doc. 33, Am. Compl. ¶¶ 2, 45) and Defendant's alleged failure to provide a reasonable accommodation no fewer than twelve times. (*Id.* at ¶¶ 1, 24, 26, 28, 33, 43, 46, 41, 67(a), & 71.) Therefore, the FHA-based claims are not a surprise to Defendant. Further, Plaintiff's allegations, both factual and legal, in the reasonable accommodation portion of his "Motion to Reasonable Accommodation and to Expunge Plaintiff/Counter-Defendant's August 12, 2010 Eviction Record," are useful insofar as they help amplify and clarify somewhat the facts and legal arguments upon which Plaintiff's FHA claims are premised. Accordingly, Defendant will not be prejudiced by allowing the Motion to Reasonable Accommodation to be treated as an amendment to Plaintiff's Amended Complaint [Court Doc. 33].

Accordingly, Plaintiff's "Motion to Reasonable Accommodation and to Expunge Plaintiff/Counter-Defendant's August 12, 2010 Eviction Record" [Court Doc. 44] will be **DENIED IN PART**, as to the Motion to Expunge. But, to the extent the Motion addresses the reasonable accommodation claims in his Amended Complaint [Court Doc. 33], the Court will **CONSTRUE** the Motion as one to amend, and it will be **GRANTED IN PART**. As the amendment so allowed largely clarifies legal arguments and restates factual allegations made elsewhere, the Court, like Defendant, does not believe it requires an answer. But Defendant will be allowed to file a response, if it believes one is merited.

## II. Response to Defendant's Notice Regarding Mediation [Court Doc. 45]

The Scheduling Order [Court Doc. 17] entered on December 7, 2010, specified that:

> The parties shall discuss the possibility of utilizing the Federal Court Mediation Program in this case. They will notify the Court on or before **January 31, 2011** as to whether they think the Federal Court Mediation Program can aid in resolving this case. Letters expressing the parties' views in this regard should be sent to the attention of Geneva Ashby, U.S. District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402.

(*Id.* ¶ 4(b)). On February 2, 2011, Defendant filed its "Defendant/Couter-Plaintiff's Notice That Parties Do Not Desire to Utilize Federal Court Mediation Program" [Court Doc. 28], presumably in response to this section of the Scheduling Order. In that notice, Defendant "notifie[d] the Court that CHA has consulted with Plaintiff/Counter-Defendant, and at this time, the parties do not believe that it would be beneficial to take advantage of the Federal Court Mediation Program," but that "[t]he parties will approach the Court at a later date if they believe mediation could be beneficial in settling the parties' disputes." (*Id.*)

Plaintiff responded to this notice in the second of his misdirected documents, angrily asserting that "P/CD has not discussed nor agreed with CHA's Attorney James W. Friaf regarding the Federal Court Mediation Program," that "CHA's Attorney James W. Friaf purposely lied to this Court in his phony notice," and that "CHA's Attorney James W. Friaf has deceived this Court and Bradley County Circuit Court so many times, it is becoming freakish." (Pl.'s Mediation Notice Respon. 1, 2.) Thereafter, Plaintiff laid out the "two different grounds" upon which he would support participation in the Federal Mediation Program, seemingly relating to Defendant's good faith in handling Plaintiff's requests and to giving Defendant an opportunity to correct many of the alleged violations – both of his

own rights and the rights of other tenants – identified by Plaintiff in his filings.

On June 27, 2011, attorney for Defendant notified the Court that the parties would be mediating the case with a qualified Federal Mediator on August 10, 2011. (Court Doc. 38, Def.'s June 27, 2011 Letter to Magistrate Judge Carter.) Counsel also asserted that "I trust that the mediator will inform the Court as to the result of said mediation in conformity with the Local Rules." (*Id.*) Although Eastern District of Tennessee Local Rule 16.4(m) specifies that "[w]ithin 7 days following the conclusion of each Mediation Conference, the Mediator shall file a Mediation Report on a form provided by the Clerk . . . ," five weeks have now passed since the mediation was to be held and no such form has been filed.

On September 12, 2011, Defendant filed its reply regarding its mediation notice, "Defendant/Counter-plaintiff's Reply to Response to Defendant/Counter-plaintiff's Notice That Parties Do Not Desire to Utilize Federal Court Mediation Program" [Court Doc. 47]. In that reply, Defendant's counsel said it "would demonstrate to the Court that no misrepresentations were made" and advanced its belief that Plaintiff misunderstood his conversation with Defendant's counsel:

> At the time said notice was filed with the Court, CHA did not desire to engage in mediation. Due to the upcoming deadline of January 31, 2011 to notify the Court whether or not the parties wished to engage in the Federal Court Mediation Program, pursuant to the Court's Scheduling Order [Doc. 17], CHA contacted Plaintiff/Counter-Defendant several days prior to this deadline via email, explaining CHA's position to him. CHA further advised that it would notify the Court that the parties did not wish to engage in the mediation process at that time, and to please contact CHA's counsel with any questions.
>
> > [1]: It appears that Plaintiff/Counter-Defendant does not understand that both parties must agree to mediate. If they do not, the **default position** is that no mediation will occur. As such, CHA notified the Court that the

parties had not agreed to engage in mediation.

(*Id.* at 1-2, n.1.)

Defendant's arguments are well-taken and do not conflict with the facts alleged in Plaintiff's response. Further, such situations – where one party is willing to mediate, but the other is not, resulting in a notice indicating that the parties do not wish to mediate the case – occur commonly in the Court's experience.

Finally, the Court notes that, although the Certificate of Service is signed, Plaintiff's actual pleading, Response to Defendant/Counter-Plainteff's Notice That Parties Do Not Desire to Utilize Federal Court Mediation Program [Court Doc. 45], is unsigned. Fed. R. Civ. P. 11 requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented," and "must state the signer's address, e-mail address, and telephone number" and requires this Court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."

Because there does not appear to be a dispute over the facts underlying the motion, because Plaintiff's response is unsigned, and because the relief requested in the response – ordering mediation – has been rendered moot by a subsequently-occurring mediation, Plaintiff's response will be **STRICKEN**.

### III. CONCLUSION

Accordingly, and for the reasons stated above, Plaintiff's "Motion to Reasonable Accommodation and to Expunge Plaintiff/Counter-Defendant's August 12, 2010 Eviction Record" [Court Doc. 44] will be **DENIED IN PART**, as to the Motion to Expunge. To the extent the Motion addresses the reasonable accommodation claims in his Amended

-7-

Complaint [Court Doc. 33], it is hereby **CONSTRUED IN PART** as one to amend and will be **GRANTED IN PART**. As the amendment so granted largely clarifies legal arguments and restates factual allegations made elsewhere, it does not appear to require an answer, but to the extent Defendant would like to respond to such amendment, it must file its answer – of no more than **five (5)** pages in length, exclusive of the Certificate of Service – on or before **October 25, 2011**.

Further, Plaintiff's "Response to Defendant/Counter-Plainteff's Notice That Parties Do Not Desire to Utilize Federal Court Mediation Program" [Court Doc. 45] is hereby **ORDERED STRICKEN** for the reasons stated above. But, as the mediator has failed to file his report, the Court hereby **ORDERS** Defendant's counsel to contact the mediator and to ensure that the mediator files with the Court both his report and a note of explanation as to the delay. To the extent Plaintiff wishes to pursue these allegations further, he should contact the Tennessee Board of Professional Responsibility, the administrative agency of the Supreme Court of Tennessee that regulates attorney conduct.

Finally, both parties are hereby reminded and **ON NOTICE** that, pursuant to Fed. R. Civ. P. 11, by signing their pleadings, they may subject themselves to the sanctions outlined in Fed. R. Civ. P. 11(c) if it is later found that the papers were filed for improper purposes or were not supported by existing law or nonfrivolous argument.

**SO ORDERED** this 26th day of September, 2011.

                                              */s/Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                              UNITED STATES DISTRICT JUDGE