UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

JOHN M. FELTS,                           )
                                         )
        *Plaintiff*,                     )
                                         )      Case No. 1:10-cv-238
v.                                       )
                                         )      Judge Mattice
CLEVELAND HOUSING AUTHORITY,             )
                                         )
        *Defendant*.                     )

## ORDER

Before the Court are Plaintiff's Motion to Remand to Bradley County Circuit Court

[Court Doc. 13], filed December 7, 2010; Defendant/Counter-Plaintiff's Motion for Default

Judgment and to Strike Answer to Counter-Complaint [Court Doc. 22], filed January 20,

2011; and Plaintiff's Motion to Add Additional Claim and Additional Defendants [Court Doc.

39], filed August 12, 2011. For the reasons explained below, Plaintiff's Motion to Remand

to Bradley County Circuit Court [Court Doc. 13] and Motion to Add Additional Claim and

Additional Defendants [Court Doc. 39] will be **DENIED**, and  Defendant/Counter-Plaintiff's

Motion for Default Judgment and to Strike Answer to Counter-Complaint [Court Doc. 22]

will be **GRANTED IN PART** and **DENIED IN PART**.

## I.    PLAINTIFF'S *PRO SE* STATUS

Plaintiff represents himself in this matter. Although a *pro se* pleading must be

construed liberally and "held to less stringent standards than formal pleadings drafted by

lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S.

97, 106 (1976)), his *pro se* status does not exempt the Plaintiff from the requirement that

he comply with relevant rules of procedural and substantive law. *Hulsey v. Texas,* 929 F.2d

168, 171 (5th Cir. 1991). *Pro se* plaintiffs must comply with Fed. R. Civ. P. 8, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Hous. Auth.,* 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby Cnty Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996); *LRL Properties,* 55 F.3d at 1103-04. Further, this Court is not "required to create [Plaintiff]'s claims for him," because "[t]o do so would requir[e the] courts to explore exhaustively all potential claims of a *pro se* plaintiff" and would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000) (internal quotation marks omitted) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985). *See also*, *Crawford v. Crestar Foods*, 210 F.3d 371 (6th Cir. 2000).

After Plaintiff failed to appear at the November 15, 2010 Scheduling Conference, the Court ordered the parties to appear before the Court on December 7, 2010 for a show cause hearing, where Plaintiff was to be prepared to "show cause why he should not be subjected to sanctions, up to and including dismissal of the case with prejudice for failure to prosecute this action, due to his failure to appear at the scheduling conference." (Court Doc. 11, Show Cause Order 1-2.) At that hearing, Defendant submitted evidence of its costs associated with the November 15, 2010 scheduling conference Plaintiff did not attend, and the Court took under advisement the issue of whether Plaintiff should be sanctioned for his non-appearance. (Court Doc. 14, Dec. 7, 2010 Hr'g Mins.) The Court then proceeded to conduct the Scheduling Conference.

-2-

During that hearing – and throughout the pendency of this case in general – the Court repeatedly warned Plaintiff of the risks associated with representing himself:

> [P]roceeding pro se in a federal lawsuit is an enormous task. If you choose to do that, I'm going to have to ask that you familiarize yourself with the Federal Rules of Civil Procedure and comply with the Court's orders in this case and meet all of the deadlines that we're going to set today. Are you prepared to do that?

(Court Doc. 19, Dec. 7, 2010 Sched. Conf. Hr'g Tr. 10:12-17.) Plaintiff assured the Court that he wanted to proceed with the suit, and the Court again warned him that, if the Court set a schedule for the case, Plaintiff would have to "educate [him]self as best [he could] to pursue this case," to do his "very best to comply with the deadlines that we're going to set today." (*Id.* at 11:12-19.) Plaintiff again agreed to do so.

The Court then conducted the scheduling conference and, before concluding it, "warn[ed Plaintiff] one more time" that:

> proceeding pro se in a federal lawsuit is a very demanding and onerous undertaking. I'm going to give you as much leeway as I can as a pro se litigant, but I'm not going to give you so much leeway that your opponent suffers legal injury as a result of your failure to comply with court-ordered deadlines.

(*Id.* at 28:24-29:6.) The Court once again asked if Plaintiff was prepared to "to familiarize yourself with both the substantive and procedural law," and after Plaintiff assured the Court he was so prepared, the Court noted for a final time that "if you don't, keep in mind, I can impose sanctions up to and including dismissal of your case," which Plaintiff acknowledged. (*Id.* at 29:7-16.) Finally, in accordance with the Court's verbal instructions at the December 7, 2010 hearing, the Court issued an Order the same day [Court Doc. 16], in which it reminded Plaintiff that "pursuant to the same rule [E.D. Tenn. LR 83.13], he has

a duty to monitor the progress of the case and to prosecute the action diligently and that he is expected to be familiar with and follow the Federal Rules of Civil Procedure and the Eastern District of Tennessee Local Rules." (Court Doc. 16, Dec. 7, 2010 Order.)

## II. PLAINTIFF'S MOTION TO REMAND

### A. Legal Standard

Federal courts are courts of limited jurisdiction that possess "only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). *See also*, *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005). Accordingly, there is a presumption that "a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hudson*, 347 F.3d at 141 (internal citations and quotation marks omitted).

Pursuant to 28 U.S.C. § 1441(a), a civil action brought in state court may be removed to federal court if the federal court has original jurisdiction over the matter. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Further, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Finally, "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by [28 U.S.C. § 1331] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed." 28 U.S.C. § 1441(c).

-4-

### B. Background

Defendant filed its Notice of Removal [Court Doc. 1] on August 25, 2010. In that Notice, Defendant identifies, as grounds for removal, that on August 23, 2010 it was served with a copy of Plaintiff's "Petition for nullity of eviction and to reinstate tenancy" [Court Doc. 1-1, Compl.] and a copy of Plaintiff's "Uniform Civil Affidavit of Indigency" [Court Doc. 1-2]. The first document Defendant identifies as the "complaint," which was itself an appeal for a trial *de novo* pursuant to Tenn. Code Ann. §§ 29-18-128 and 16-15-729 of a final judgment in an unlawful detainer action brought by Defendant in the General Sessions Court for Bradley County, Tennessee filed by Plaintiff on August 20, 2010. Defendant argued that the Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's claims alleging: "a violation of the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment of the Constitution" ("due process claim" and "equal protection claim"); "a violation of Section 504 of the Rehabilitation Act, as amended, 29 U.S.C. § 794 seq." ("Rehabilitation Act claim"); "a violation of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq." ("ADA claim"); and "a violation of the Fair Housing Act ("FHA"), as amended, 42 U.S.C. § 3601 et seq." ("FHA claim"). (Court Doc. 1, Notice of Removal ¶ 5.) Defendant also argued that the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's state statutory and common law claims as they were so related to the claims over which the Court has original jurisdiction. (*Id.* ¶ 7.)

As previously discussed, on December 7, 2010, the Court held a hearing on its Show Cause Order [Court Doc. 11] and conducted the Fed. R. Civ. P. 16(f) Scheduling Conference for this case. During that hearing, the Court asked Defendant's counsel what

the statutory basis for the subject matter jurisdiction was in the case, and Defendant's counsel responded by listing of Plaintiff's federal claims and asserted that there was no dispute as to the Court's subject matter jurisdiction. (Hr'g Tr. 15:16-16:3.) During that discussion Plaintiff did not raise his concerns about remand to the Court. But, shortly thereafter, he did say that he "applied two motions" one of which was a "motion [ ] to remand back to Bradley County Circuit Court . . . [e]ven though the time limit, I believe was 30 days had ran out on that, they have made consideration and expanded past the time limit." (Hr'g Tr. 17:17-18:5.) The Court directed him to file those motions with the Clerk's Office before he left the building that day (Hr'g Tr. 18:6-11), and Plaintiff filed the instant Motion to Remand [Court Doc. 13] as directed.

In his "Motion to Remand to Bradley County Circuit Court" [Court Doc. 13], Plaintiff asserts that this case "ha[s] been unethically and immorally removed to this Court" in an "effort to by-pass a Circuit Court trial in Bradley County . . . likely due to adverse rulings against CHA in two hearings in Circuit Court, in which CHA failed in having this Court case dismissed." Plaintiff asserts that he "should have his trial in Bradley County court system" and that "[i]f either party doesn't agree with the outcome of a trial in Circuit Court of Bradley County, Tennessee, then it is within their right to appeal to this Court." (*Id.* at 2.) Plaintiff apologizes for his "slowness in preparing for this case," which was due to an injury to his arm and his lack of transportation to Chattanooga, but asserts that "[u]nder extreme situation" – in this case, his injury – "even after the time limit to remand had expired, the petitioner can request that the Court remand the case back to Circuit Court." (*Id.* at 3-4.) Plaintiff concludes his motion by citing to 28 U.S.C. § 1443(1). (*Id.* at 4.)

On December 9, 2010, Defendant responded to Plaintiff's motion by arguing first

that it was untimely, as it was not filed within 30 days after the filing of the notice of removal. (Court Doc. 18, Def./Counter-Pl.'s Respon. to Mot. to Remand to Bradley Cnty. Cir. Ct. 1.) ("Def.'s Remand Respon.") Further, Defendant argued, although the Court could remand at any time before final judgment if it becomes apparent that it lacks subject matter jurisdiction, the Court has subject matter jurisdiction because the "Complaint" at issue here – Plaintiff's appeal from the General Sessions Court for Bradley County – asserts federal claims falling within the Court's original jurisdiction pursuant to 28 U.S.C. § 1331. (*Id.* at 3.) Finally, it argues that Plaintiff's citation to 28 U.S.C. § 1443(1) is misplaced because it applies to "citizen defendants" to protect them from "civil rights violations when such persons cannot obtain a fair hearing in a state court," whereas "Plaintiff/Counter-Defendant is the initiating part in this case who chose to bring federal discrimination claims in Tennessee state court." (*Id.* at 4, 5.)

Finally, on December 22, 2010, Plaintiff filed his "Counter Response to Defendant/Counter-Plaintiff Response to Motion to Remand to Circuit Court of Bradley County, Tennessee" [Court Doc. 20] ("Pl.'s Remand Reply") in reply to Defendant's response. In that reply, Plaintiff first reiterates his argument that his tardiness is excusable and due to Defendant's actions. Second, Plaintiff argues that Tennessee state courts are more appropriate both logically and practically because this type of "case of non-payment of rent is often considered" there; because "[r]emand is needed to allow the State Courts of Tennessee to decide local issues of first impression"; and because remand "would be both logical and would benefit both parties" because it "can be more swiftly heard and settled" in Bradley County Circuit Court and that court is "in close proximity to where the Plaintiff lives, along with easier access and ability to plead his case." (*Id.* at 3.) Third,

Plaintiff argues that Defendant was untimely in removing the case in the first place, as he asserted federal claims in his first letter of Appeal on May 7, 2010 [Court Doc. 20-1]; in his June 16, 2010 motion [Court Doc. 20-2]; and in his July 12, 2010 answer [Court Doc. 20-3], all of which are attached as exhibits. (*Id*. at 4-5.) Defendant did not contest the authenticity of these documents or Plaintiff's contentions regarding his earlier pleadings, and thus this matter is ripe for decision.

### C.    Analysis

As an initial matter, 28 U.S.C. § 1443(1) does not appear to be applicable. Two conditions must be satisfied for a case to be removed pursuant to 28 U.S.C. § 1443(1): "the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality" and "the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question." *Conrad v. Robinson*, 871 F.2d 612, 615 (6th Cir. 1989) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). Neither of these conditions are even alleged in this case, let alone appear to be satisfied, and thus the Court will move on to consider the other statutes potentially supporting removal.

Plaintiff's other arguments in his motion to remand – relating to the characteristics of Tennessee state courts that make them a more appropriate forum and to Defendant's lack of timeliness in filing the Notice of Removal – relate to procedural defects in the removal process, not a lack of subject matter jurisdiction. *Wis. Dept. of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (holding that where a party alleges a defect in removal "because the removal took place after relevant time limits had expired," that party must file a motion to remand "no later than 30 days after the filing of the removal notice.")

-8-

28 U.S.C. § 1447(c) clearly states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Although Plaintiff identifies several reasons why his delay should be excused – injury, an agreement he believed he had with Defendant's counsel, etc. – there does not appear to be a good cause exception to the mandatory filing period. *Compare* 28 U.S.C. §§ 1446-47 *with* Fed. R. Civ. P. 4(m) ("But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.") Therefore, any party who does not move to remand the case within thirty days of its removal has "waived any challenge to this potential procedural defect." *Idemudia v. J.P. Morgan Chase*, No. 10-1074, 2011 WL 3648219, at *3 n.2 (6th Cir. 2011) (citing *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516-17 (6th Cir. 2003)).

Because by failing to file his Motion to Remand within thirty days, Plaintiff has waived any challenges to potential procedural defects, and his Motion to Remand to Bradley County Circuit Court" [Court Doc. 13] will be **DENIED**.[1]

---

[1] Plaintiff has taken several actions since preparing this motion which could be read as indicating he had abandoned his remand argument.

First, although he prepared this motion before the December 7, 2010 hearing, he mentioned it only once during that hearing, in passing in response to the Court's deadline for the parties to notify the Court about their interest in the Federal Mediation Program. More importantly, at that hearing – during which the Court could discuss the matter with Plaintiff directly and clearly and thus which would have been the most appropriate time to discuss this issue – the Court directly asked the parties if there was a question about subject matter jurisdiction, and Plaintiff did not say anything, let alone raise the issues in the instant motion.

Further, since filing this motion, Plaintiff has twice moved to amend his complaint, one of which has already been granted. (Court Doc. 30, Pl.'s Motion to Amended Compl., filed Mar. 10, 2011; Court Doc. 32, Apr. 18, 2011 Order Granting Mot. to Am.; Court Doc. 39, Pl.'s Mot. to Add Add'l Claim & Add'l Defs., filed Aug. 12, 2011.) In addition, Plaintiff also sent to the Court a "Motion to Reasonable Accommodation and to Expunge Plaintiff/Counter-Defendant's August 12, 2010 Eviction Record," [Court Doc. 44] docketed as filed on February 24, 2011. In the Order ruling on that motion – issued concurrently with this Order – the Court construes the motion, to the extent it discusses "reasonable accommodation," as one to amend the complaint to add additional detail regarding his FHA claims and grants that motion.

On the other hand, in his February 25, 2011 "Correction of address and update" letter to the Clerk's

Case 1:10-cv-00238-HSM-WBC   Document 49   Filed 09/26/11   Page 9 of 31   PageID #: 578

## D. Remaining Questions as to Subject Matter Jurisdiction

Although Plaintiff's Motion to Remand will be denied for the reasons outlined above, that motion and the responsive briefing have raised significant questions as to whether subject matter jurisdiction exists in this case.

The Court is under a continuing obligation to review its subject matter jurisdiction and may raise the issue *sua sponte*. *N.H. Ins. Co. v. Home Sav. & Loan Co. of Youngstown, Ohio*, 581 F.3d 420, 423 (6th Cir. 2009). *See also*, *United States v. Bowers*, 615 F.3d 715, 718 (6th Cir. 2010) ("subject-matter limitations on federal jurisdiction must be policed by the courts on our own initiative") (quoting *Ruhrgas AG v. Marathon Oil Co.*,

---

Office [Court Doc. 29], he says:

> In a recent email from Cleveland Housing Authority attorney, [CHA's counsel] mentioned that Judge Mattice will rule on my motion to remand soon. Today, I emailed the Cleveland Housing Authority attorney and told him that I should complete my amended complaint in about seven to ten days. It is my apology that I hadn't already completed the amended complaint as it had been placed on a back burner several times, due to my effort to respond housing attorney concerns on discovery, his recent notice and other documentation.
>
> It is my hope that Judge Mattice considers my amended complaint before ruling on the motion to remand because in that amended complaint outlines Tennessee State Law of Landlord Uniform Codes, the same Tennessee codes used at the end of my January 7th, 2011 answer. At the time, I ran out of time to complete the details and specifics of why those Tennessee code sections relates to this case and my amended complaint does address that issue with the needed specifics.
>
> Yesterday, I submitted a motion for reasonable accommodation and used the Federal Law in my argument because while Tennessee Law has a reasonable accommodation statue in employment, it does not have a reasonable accommodation in housing. Most importantly though, is that this case is of first impression of more than one issue and I feel that the state court should first chance at addressing it . . . .

(*Id.* at 2-3.) Therefore, while Mr. Felts's understanding of the pleading regime and requirements for remand appears to be somewhat confused, in moving to "amend" his "complaint," he not only does not appear to be abandoning his motion for remand, but actually believes the augmented legal argument in his answer will bolster his arguments in favor of remand , rather than undermining them.

Because his failure to move for remand within the prescribed period is determinative, the Court need not reach the question of whether his "amendments" to his "Complaint" indicated that he abandoned his removal argument or constitute a waiver of the same.

-10-

526 U.S. 574, 583 (1999)); *Campanella v. Comm. Exch. Bank*, 137 F.3d 885 (6th Cir. 1998). This is especially true in the removal context, where "[d]ue regard for state governments' rightful independence requires federal courts scrupulously to confine their own jurisdiction to precise statutory limits." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 454 (6th Cir. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)) (internal quotation marks omitted). Finally, jurisdiction is assessed "by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 210-11 (6th Cir. 2004).

The most significant questions arise from the nature of the filing removed by Defendant[2] and from the cursory nature of CHA's Notice of Removal. The procedural posture of this case, which CHA itself characterizes as an "appeal . . . of a final judgment in [CHA's] unlawful detainer action," is unlike most cases removed to this Court, where an individual files a civil action in state court and the defendant in that action quickly files a notice of removal and removes the case to this Court. As represented by CHA in its Notice of Removal, this matter originally arose when CHA filed an unlawful detainer action against Mr. Felts in Bradley County General Sessions Court. (Def.'s Remand Respon. 1.) The General Sessions Court awarded CHA possession of the property on April 28, 2010 and damages on August 12, 2010. (*Id.*) Although CHA left many of the relevant details of the procedural history out of its Notice of Removal, subsequent pleadings have made clear that immediately after being awarded damages on August 12, 2010, CHA evicted Mr. Felts, and Mr. Felts filed his appeal for a trial *de novo* in Bradley County Circuit Court – "Petition for

---

[2] For the sake of clarity, hereinafter Defendant Cleveland Housing Authority will be referred to as "CHA" and Plaintiff will be referred to as "Mr. Felts."

nullity of eviction and to reinstate tenancy" [Court Doc. 1-1] – on August 20, 2010, which pleading was served on CHA August 23, 2010. (*Id.*)

Although this Court agrees that Mr. Felts's petition/appeal raises certain federal issues, it is not clear it does so as a "civil action brought in a State court," as is required by for a case to be removable. 28 U.S.C. § 1441(a) (providing for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction"). 28 U.S.C. § 1441(a) authorizes removal "by the *defendant*" of "*any civil action brought* in a State court" of which this Court has original jurisdiction. 28 U.S.C. § 1441(a) (emphasis added). Because the Notice of Removal in this case contains so few details and so little argument, it is not clear why CHA believes Mr. Felts's appeal for a trial *de novo*, the alleged "Complaint" in this action, constituted a new civil action, rather than just a subsequent filing in an already-pending action. Nor does CHA's Notice of Removal make clear why Mr. Felts's appeal for a trial *de novo* pursuant to Tenn. Code Ann. §§ 29-18-128 and 16-15-729 transforms him from a defendant in an unlawful detainer action to a plaintiff "bringing" a "civil action . . . in a State court" as required for removal. (*Id.*)

Although this matter does not appear to be litigated often, one case that seems at least partially on point – *B&G Constr., Inc. v. Polk*, 37 S.W.3d 462 (Tenn. Ct. App. 2000) (discussing timely removal in an unlawful detainer action appealed to the Circuit Court after a judgment was entered in the General Sessions Court) – refers to the landlord who filed the unlawful detainer action and who was the plaintiff in the proceedings before the General Sessions Court as the "Plaintiff" throughout, both in the proceedings before the Circuit Court and the lower court. Likewise, the defendant in the lower court action, the tenant being evicted, is referred to as the "Defendant" throughout. (*Id.*) Finally, although

in *B&G Constr., Inc.* the Tennessee Court of Appeals makes clear that the filing of an appeal to the Circuit Court "open[s] the door for Plaintiff to amend its Complaint," in that case "to include relief not available in the General Sessions proceeding," in its Notice of Removal, CHA does not argue that Plaintiff's petition/appeal effectively amended his answer to assert a counterclaim, which could constitute "bringing" a removable civil action. (*Id.* at 465-66.)

Further, this does not appear to be the situation contemplated by 28 U.S.C. § 1446(b), where "the case stated by the initial pleading is not removable," but where a Defendant receives "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," that is, where a plaintiff has added a claim of which this Court has original jurisdiction. Not only did CHA not argue this circumstance in its Notice of Removal, but Mr. Felts's Remand Reply and the exhibits attached thereto clearly establish that Mr. Felts had repeatedly referred, in the proceedings before the General Sessions and Circuit Courts, to the federal laws CHA cites as the basis for original jurisdiction in its Notice of Removal.

For instance, in his Remand Reply, Mr. Felts states that "Exhibit 1 shows that the P/CD asserted Federal Law in his first letter of Appeal on May 7, 2010 to Bradley County Circuit Court and CHA did not bother to remove the case to Federal Court." (Pl.'s Remand Reply 4.) And indeed, his April 28, 2010 "appeal" of the General Sessions Court's award of a writ of possession to CHA [Court Doc. 20-1] has the following language:

> If it is possible for a landlord to alter its policies and rules so
> that a tenant with a disability can remain in a unit, and is not
> unduly burdensome, the landlord must make the

-13-

> accommodation and preserve the tenancy. Housing that has been developed with assistance from the U.S. Department of Housing and Urban Development (HUD) will also have an obligation under Section 504 of the Rehabilitation Act of 1973, 29 U. S. C. §794, to provide such accommodations.
>
> Defendant assume outside circumstances such as his advocacy to protect tenant's rights, which may had led to Cleveland Public Housing unwillingness to give the defendant the same reasonable accommodation and equal opportunity that it has given to other disability tenants.

(Court Doc 20-1, J. Felts's May 7, 2010 "Appeal to eviction hearing on April 28, 2010" 2.) Therefore, even if CHA did not recognize "reasonable accommodation" as the term of art relating to certain requests between landlords and disabled tenants, as early as May 7, 2010 Plaintiff not only clearly referred to a federal law (the Rehabilitation Act), but seemingly raised that law as a defense to eviction, and even potentially raised a First Amendment retaliation-type claim.

Mr. Felts makes the same arguments – that he "asserted Federal law" in the underlying state court proceedings and that CHA did not remove the action at those assertions – in relation to his June 16, 2010 "Motion for to Appoint an Guardian Ad Litem" [Court Doc. 20-2] and July 12, 2010 "Answer to Motion to Reconsider Appellee's Motion to Dismiss" [Court Doc. 20-3]. (Pl.'s Remand Reply 4-5.) Although the latter does not appear to discuss any rights or claims arising under federal laws,[3] Mr. Felts's June 16, 2010 Guardian *Ad Litem* motion unquestionably reasserted the applicability of the Rehabilitation Act and added several new federal laws to the briefing, including the Americans with Disabilities Act, the Fair Housing Amendments Act of 1988 ("FHAA"), and

---

[3] Mr. Felts's "Answer to Motion to Reconsider Appellee's Motion to Dismiss" repeatedly mentions "accommodation," in depth, but does not appear to use that term within the context of a "reasonable accommodation" mandated by the ADA or Rehabilitation Act.

the Due Process Clause of the Fourteenth Amendment of the United States Constitution. For instance, Mr. Felts cited "*Blatch v. Franco*, 360 F. Supp. 2d 595 (S.D.N.Y. 2005)" in support of his argument that, because he is an individual with mental disabilities,[4] CHA's attempt to evict him without appointing a guardian *ad litem* first was a violation of "the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, the Fair Housing Amendments Act, and due process of law."[5]

Therefore, as with Plaintiff's abortive May 7, 2010 appeal, Plaintiff's Guardian *Ad Litem* motion, while potentially suffering from certain legal deficiencies, also clearly refers to several federal laws and, in the case of the latter motion, the laws cited therein are largely coextensive with those cited in CHA's Notice of Removal as the basis for federal question jurisdiction, including the ADA, the FHAA and his Fourteenth Amendment due process rights. Although this Court has already noted that untimeliness in filing the notice of removal is a procedural defect that cannot serve as a basis for remand in this case since Mr. Felts did not file his motion to remand within the required time period, Mr. Felts's apparent history of asserting federal arguments is significant both because he seemingly raises them as a *defense* to the eviction proceeding, rather than as separate and independent claims, and because it is some evidence that, for at least some period of time, CHA regarded Mr. Felts's discussion of these statutes as defenses, or at a minimum, did

---

[4] To his Motion for to Appoint an Guardian *Ad Litem*, Mr. Felts attached a copy of Social Security Administrative Law Judge Decision finding Mr. Felts disabled due to both mental and physical impairments. (Court Doc. 20-2, Ex. A, 6-10, Nov. 27, 2009 Soc. Sec'y Decision at 6, 8.)

[5] *But see*, *Blatch ex rel. Clay v. Hernandez*, 360 F. Supp. 2d 595, 615 (S.D.N.Y. 2005) (rejecting Mr. Felts's very argument because "there is no evidence of record from which a factfinder could rationally conclude, without engaging in unwarranted and unseemly stereotyping, that each and every member of this broadly-defined class of persons is so incapable of rational thought and coherent communication as to require the appointment of expert representation in order to enjoy a meaningful opportunity to be heard with regard to tenancy termination.")

not regard his discussion of those statutes as stating a counterclaim, requiring an answer but also giving CHA the right of removal. By the terms of the removal statute, it is only available to a defendant, and CHA cannot make the instant action eligible for removal merely by labeling Mr. Felts's petition/appeal a "Complaint" and Mr. Felts "Plaintiff."

Because, as the Court has already noted, there is a presumption against the removability of an action and because the burden of establishing an action is removable rests on the party asserting removal jurisdiction – in this case, CHA – the Court will **ORDER** Defendant CHA to file a brief no later than **October 31, 2011** outlining in detail its argument for why subject matter jurisdiction exists in this case. Further, although the Court has already made clear that jurisdiction is assessed by examining the "complaint" as it existed at the time of removal, Defendant CHA's brief shall also analyze the effect, if any, of Mr. Felts's subsequent filings before this Court, particularly his amendments to the "Complaint," in addition to addressing the questions and concerns highlighted by the Court heretofore and any other argument CHA deems relevant. All arguments shall be supported by clear, specific citations to relevant authority. If Plaintiff Felts wishes to file a response to Defendant CHA's brief, he will be ordered to do so by no later than **November 15, 2011**.

Finally, despite CHA's apparent belief to the contrary, the Court believes that the proceedings on the unlawful detainer action originally filed in and heard before the General Sessions Court are inextricably linked to the instant case and that it is impossible for this Court to consider adequately the question of its own subject matter jurisdiction without having all the information related to those proceedings. Accordingly, and pursuant to 28 U.S.C. §§ 1446(b), 1447(b), the Court will **ORDER** Defendant CHA to file on the record by no later than **October 31, 2010** a copy of "all process, pleadings, and orders" in that case,

including those filings and proceedings relating to Mr. Felts's May 7, 2010 appeal to Bradley County Circuit Court.

Such filing shall take the form of an affidavit of counsel

(1)     outlining, in separate, numbered paragraphs each event or filing that took place in those underlying state court proceedings;

(2)     attaching true and correct copies of those filings; and

(3)     authenticating those copies by affirming that the attached copies are true and correct copies.

Such a timeline shall be in chronological order and shall start with no event later than the "14 Day-Notice of Lease Termination for Non-Payment of Rent" cited by CHA in its Counter-Complaint, but may start with an earlier event, including the signing of Plaintiff's lease. Finally, at the filing's conclusion, counsel shall certify that to the best of his or her knowledge, that filing constitutes a *complete* record of all the filings in the underlying case.

To the extent the parties find it necessary hereinafter to refer to a document that is contained within this complete record of the underlying case history – including if CHA wishes to cite such a document in its brief on subject matter jurisdiction – the Court will **ORDER** that they shall not attach those documents as exhibits to their pleadings, but shall instead cite to the document attached as an exhibit to this complete history of the underlying proceedings.

## II.     DEFENDANT'S MOTION FOR DEFAULT JUDGMENT AND MOTION TO STRIKE

### A.     Background

After filing its Notice of Removal on August 25, 2010, Defendant CHA filed its Answer to Plaintiff's Complaint and Counterclaim [Court Doc. 6] on September 8, 2010.

Given the volume of mail returned as undeliverable and Mr. Felts's tenuous housing status at the time, it is not clear whether Mr. Felts received a copy of CHA's Answer and Counterclaim, but regardless, he did not file a response to the counterclaim within the time specified by Fed. R. Civ. P. 12.

At the December 7, 2010 Show Cause Hearing and Scheduling Conference, CHA's counsel notified the Court that Mr. Felts had yet to file his answer to the counterclaim. (Dec. 7, 2010 Hr'g Tr. 26:15-18.) The Court told Mr. Felts that he was "required to respond to that counter claim," and that his "deadline has long pas[sed]," and asked if he had a copy of that counter claim. (*Id.* at 26:23-27:1.) Mr. Felts replied that he did not have a copy and further that he "didn't even know I was supposed to be responding to it." (*Id.* at 27:2-3.) The Court told Mr. Felts that "that's a real problem" and had a copy of the Answer and Counterclaim printed for and given to him. (*Id.* at 27:4-6.) The Court then notified Mr. Felts that "by separate order, I'm going to order you to file a response to that counter claim no later than December 29[, 2010]," giving him "approximately three weeks" to answer, and that if he did not "respond to that counter claim by that time [the Court was] going to assume that [he was] admitting [ ] all of the allegations in the counter claim." (*Id.* at 27:6-16.) Mr. Felts assured the Court that he planned to file both his answer and the amended complaint soon. (*Id.* at 27:20-21.)

Because Mr. Felts did not file his answer to Defendant's counterclaim [Court Doc. 21] until January 12, 2011, two weeks after the December 29, 2010 deadline specified by the Court, on January 20, 2011, CHA filed a "Motion for Default Judgment and to Strike Answer to Counter-Complaint" [Court Doc. 22] ("Def.'s Mot. for Default & to Strike"). In that motion, CHA argued that not only was Mr. Felts's Answer to the Counter-Complaint not

-18-

timely filed, but that its contents "fail to admit or deny the allegations of the Counter-Complaint" and that it "is nonresponsive, containing only impertinent, immaterial, and scandalous matters, which are both legally and factually unfounded." (Def.'s Mot. for Default & to Strike 2.) Therefore, CHA argues, because Mr. Felts's "Answer" is "lengthy" and "disorganized," it should be stricken because his failure to adhere to the requirements of Fed. R. Civ. P. 8 is prejudicial to Defendant. (*Id.* at 7-10.) Further, CHA asserts that because Mr. Felts's answer was both untimely and did not conform to the requirements of Fed. R. Civ. P. 8, he failed to respond or plead an affirmative defense, and thus CHA is entitled to default judgment pursuant to Fed. R. Civ. P. 55. (*Id.* at 2-7.)

Mr. Felts did not file a response to CHA's Motion, but in his February 25, 2011 letter to the Clerk's Office [Court Doc. 29] correcting and updating his address in accordance with the Court's instructions on December 7, 2010, he apologized for his tardiness in submitting his Amended Complaint, which he explained was the result of his efforts to respond to discovery requests, to respond to the instant Motion for Default Judgment and to Strike, and to prepare various other motions he hoped the Court would consider before ruling on his Motion to Remand, which CHA's counsel informed him would happen shortly.

### B. Legal Standard

Fed. R. Civ. P. 8 establishes the rules of pleading, including the form it should take and a party's responsibilities in answering a claim asserted against it. Fed. R. Civ. P. 8(d) & (b). As to the former, the pleading's form, the allegations in the pleading at issue "must be simple, concise, and direct"; "no technical form is required." Fed. R. Civ. P. 8(d)(1). Further, arguments can be made in the alternative and, pursuant to Fed. R. Civ. P. 8(e), this Court must construe pleadings "so as to do justice," and "liberally in order to prevent

errors in draftsmanship from barring justice to litigants." *Carter v. Ford Motor Co.*, 561 F.3d 562, 566 (6th Cir. 2009) (internal quotation marks omitted) (citing Fed. R. Civ. P. 8(e) and *Ritchie v. United Mine Workers of Am.*, 410 F.2d 827, 833 (6th Cir.1969)).

As to the latter, a party must do two things in its response to a pleading: "state in short and plain terms its defenses to each claim asserted against it" and "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(A)-(B). This rule even lays out the different permissible forms a response to allegations can take:

(1)     admit the allegations [Fed. R. Civ. P. 8(b)(1)(B)];

(2)     deny the allegations [Fed. R. Civ. P. 8(b)(1)(B)], including generally by filing a general denial [Fed. R. Civ. P. 8(b)(3)] or partially by admitting the part that is true and denying the rest [Fed. R. Civ. P. 8(b)(4)]; or

(3)     where applicable, state that the respondent lacks knowledge or information sufficient to form a belief about the truth of the allegations, which response has the effect of a denial [Fed. R. Civ. P. 8(b)(5)].

Fed. R. Civ. P. 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But, "the action of striking a pleading should be sparingly used by the courts," because "[i]t is a drastic remedy to be resorted to only when . . . the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953). Finally, because "[a] motion to strike admits the well-pleaded allegations of the pleading asked to be stricken," in deciding on this motion to strike, the Court accepts as true all allegations in the answer. *Id.*

Finally, Fed. R. Civ. P. 55(a) provides as follows:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

The United States Court of Appeals for the Sixth Circuit has noted that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases," which do not include situations "[w]here default results from an honest mistake rather than willful misconduct, carelessness or negligence." *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983) (internal quotation marks omitted).

In considering whether to enter a default judgment, this Court considers this preference for a decision on the merits along with several other factors, including: "(1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; [and] (6) whether the default was due to excusable neglect." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). Finally, "[m]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice." *United Coin Meter Co., Inc.*, 705 F.2d at 845 (internal citations and quotation marks omitted).

### C.    Analysis

The title alone of Mr. Felts's "Counter Answer and Response to Defendant's Answer and Counter-Complaint" reveals that Mr. Felts seems to conflate his "Complaint" with his duty to respond to Defendant's Counter-Complaint. Given that the Court suffered enough confusion about the posture of the litigation to call the sufficiency of the Notice of Removal into question and to order briefing on its subject matter jurisdiction, it is likely that at least some of the confused nature of the "Counter Answer" is assignable to CHA. Further, while

-21-

the amount of money at issue does not appear to be significant, neither does the "prejudice" due to late-filing, particularly given that the delay was only two weeks.

Further, the balance of the factors identified in *Russell* militate in favor of denying the motion for a default judgment. The claims appear to be at least plausible, and the "complaint" pled ample factual and legal allegations. In addition, it appears as though there are a significant number of disputed materials facts, and Plaintiff's February 25, 2011 letter to the Clerk's Office reveals a litigant aware of his deadlines and actively prosecuting his case – though potentially unsure how to balance competing deadlines (in terms of responding to Defendant's discovery requests and later-filed motions) – and apologetic for his tardiness. Accordingly, although Plaintiff's failure to submit his answer within the time ordered by the Court is a very serious matter, it does not rise to the level so as to justify striking the answer and entering his default, and Defendant's Motion for Default Judgment and to Strike Answer to Counter-Complaint" [Court Doc. 22] will be **DENIED IN PART** as to the Motion for Default Judgment.

CHA also overstates the case by saying "[t]he Answer is entirely nonresponsive to the allegations contained in the Counter-Complaint." (Def.'s Mot. for Default & to Strike 4.) Mr. Felts clearly responds to at least some of CHA's allegations, particularly with regards to his attempts and the attempts of various individuals on his behalf to pay his March 2010 rent. But, CHA is correct that Mr. Felts's "Counter Answer" fails to conform with Fed. R. Civ. P. 8's requirements, in that his "Counter Answer" is rambling and imprecise and does not explicitly admit, deny, or state a lack of sufficient knowledge to answer each of CHA's allegations. Further, most of his "Counter-Answer" it is also susceptible to being stricken pursuant to Fed. R. Civ. P. 12(f) as redundant, since it is largely comprised of arguments

made and evidence introduced in and duplicative of other filings, and as immaterial and impertinent, since many of his arguments do not relate to any actions alleged by either party and since many of the lengthy excerpts are not relevant to this case.[6]

Accordingly, as to the Motion to Strike portion of Defendant's Motion for Default Judgment and to Strike Answer to Counter-Complaint [Court Doc. 22] will be **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's "Counter-Answer" will be **STRICKEN**, but he will be given leave to file an amended answer. The Court will **ORDER** Plaintiff to file an amended answer by <u>**October 31, 2011**</u> that adheres *strictly* to the following form:

(1)    Plaintiff Mr. Felts must respond to *only* those allegations in found in Defendant CHA's "Counter-Complaint," which consists of paragraphs 1-19 located on pages 17-20 of Defendant CHA's "Answer and Counter-Complaint" [Court Doc. 6].

(2)    Plaintiff's amended answer shall consist of **_nineteen (19)_** separate, numbered paragraphs, with each paragraph responding to the corresponding paragraph in Defendant CHA's Counter-Complaint.

(3)    Each paragraph shall begin with the sentence "The allegations in Defendant's Paragraph 1 are [**ADMITTED**][**DENIED**][**DENIED BECAUSE PLAINTIFF HAS INSUFFICIENT INFORMATION**]," depending on which Plaintiff believes is appropriate.

(4)    After that initial sentence, Plaintiff must state in **_short_** and **_plain_** terms his defense. Plaintiff shall not include lengthy excerpts from treatises, cases, or statutes; if citing authority is necessary, Plaintiff can merely provide the

---

[6]  For instance, in the paragraph he excerpts from *Cason v. Rochester Hous. Auth.*, 748 F. Supp. 1002 (W.D.N.Y. 1990), Mr. Felts adds emphasis to the final sentence – "Public agencies must be especially vigilant to protect the disabled from all forms of discrimination-intentional as well as benign discrimination caused by tile public's perception of what is 'best' for the disabled" – which, he says "elaborates as to the discrimination of this Court case." (Pl.'s Counter-Answer, 2.) But neither party has ever argued that CHA's alleged discrimination was premised upon what it believed to be best for Mr. Felts.

Likewise, he frequently cites and excerpts at length from articles discussing in a generic fashion the challenges faced by disabled individuals, when the only challenges at issue in this case are whichever particular challenges he either believes made him entitled to a deviation from CHA's usual procedures or whichever challenges are evidence of any compensatory damages he may be claiming as a result of CHA's alleged violations. (*Id.* at 9.)

citation and a brief (less than one sentence) explanation of why it is relevant. Plaintiff's defense must _**not**_ be unduly argumentative nor should it reproduce verbatim arguments made elsewhere.

(5)     Given the length of the Counter-Complaint (four pages), Plaintiff's Amended Answer must be no longer than **six (6)** pages in length, exclusive of the certificate of service.

This ruling is premised on the Court's belief that there do not appear to be any allegations or arguments made in the "Counter Answer" that are not also made elsewhere in other pleadings, such as the Amended Complaint [Court Doc. 33]; to the extent there are, Plaintiff will not be deemed to have waived them by the effect of this Order.

## III.    PLAINTIFF'S MOTION TO ADD ADDITIONAL CLAIM AND ADDITIONAL DEFENDANTS

### A.    Background

On August 12, 2011, Plaintiff Felts filed his "Motion to Add Additional Claim and Additional Defendants" [Court Doc. 39], asking for leave to add a new claim – a First Amendment-based retaliatory eviction-type claim – and new defendants, including the Board of Directors of the Cleveland Housing Authority, the Cleveland Police Department, and Cleveland Housing Authority Director Paul Delliger in his individual capacity.

On August 16, 2011, Defendant CHA filed its "Response in Opposition to Plaintiff/Counter-Defendant's Motion to Add Additional Claim and Additional Defendants" [Court Doc. 40], arguing that Plaintiff's amendment should be denied as untimely, since the Scheduling Order [Court Doc. 17] specifies an August 9, 2011 deadline for joining parties and amending the pleadings and Plaintiff Felts has not shown good cause why the Scheduling Order should be amended. (Def.'s Respon. to Pl.'s 2nd Mot. to Am. 1, 3.) Further, Plaintiff Felts has not conducted _any_ discovery, to the best of CHA's knowledge,

and thus has not been prosecuting his action and attempting to meet the Scheduling Order deadlines diligently. (*Id.* at 3-4.) Finally, Defendant CHA argues that it would be unduly prejudiced if such amendment were allowed, as this is a substantial claim – both in the nature of the claim and in the number and type of defendants sued – premised on information that has been at Plaintiff's disposal throughout the pendency of this action.

Plaintiff replied to Defendant's response in opposition on August 30, 2011 in his "Answer to Defendant/Counter-Plaintiff's in Opposition to Plaintiff/Counter-Defendant's Motion Add Additional Claim to Add Additional Claims and Additional Defendants" (*sic*) [Court Doc. 43]. Plaintiff's arguments are disjointed, argumentative, and conclusory and relate largely to the parties' recently-concluded mediation rather than to allegations supporting a retaliatory eviction-type claim.

### B.   Legal Standard

Although Fed. R. Civ. P. 15(a) specifies that "the court should freely give leave [to amend] when justice so requires," the Court may deny leave to amend for a variety of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Further, on December 7, 2010, this Court issued a Scheduling Order [Court Doc. 17] pursuant to Fed. R. Civ. P. 16(b), which requires such an order to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(1), (3)(A). The rule further provides that such an order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

-25-

**C.     Analysis**

Plaintiff's instant Motion to Amend suffers from pleading deficiencies – both procedural and substantive – so severe, this Court will not give him leave to so amend.

As to the substantive deficiencies, Plaintiff's Motion to Amend, like his Reply to Defendant's Response in Opposition, is disjointed, argumentative, and conclusory; the nature of the precise claim he wishes to add is not apparent, let alone how the potential defendants, particularly the Cleveland Police Department, are alleged to have violated his rights specifically. Further, Plaintiff does not give any reason for his delay. This Court has already noted that Plaintiff's May 7, 2010 "appeal" to Bradley County Circuit Court potentially raised a First Amendment retaliation-type claim, but any such claim has not been developed at all until the instant motion to amend, and Plaintiff does not identify any newly-discovered information giving rise to his need to amend.

Eastern District of Tennessee Local Rule 15.1, the basis for the first of the procedural deficiencies, requires a party who moves to amend a pleading to "attach a copy of the proposed amended pleading to the motion," which must "reproduce the entire pleading as amended" and "may not incorporate any prior pleading by reference," in part to avoid the precise situation presented here, where a party is moving to amend a pleading but it is not clear how that pleading would actually be amended. That rule warns parties that "[a] failure to comply with this rule may be grounds for denial of the motion."

Further, as Defendant CHA pointed out, the Court's Scheduling Order set an August 9, 2011 deadline for joining parties and amending the pleadings. (Court Doc. 17, Sched. Order ¶ 6(a).) This Scheduling Order was completed at and issued after the December 7, 2010 Scheduling Conference, during which the Court said to Plaintiff, on the topic of the

-26-

joinder/amendment deadline:

> Joinder of parties and amendments to pleadings. And that's if you want to amend your complaint, do it as soon as you can, Mr. Felts, but after August 9th, 2011, you will not be permitted to do that, do you understand what I'm saying, absent extraordinary circumstances, August 9th, 2011. But, Mr. Felts, you need to do it as soon as possible because a lot of time can be wasted if you don't have the proper complaint before the court.

(Hr'g Tr. 25:14-21.)

As Defendant CHA noted, Fed. R. Civ. P. 16(b)(4) specifies that "[a] schedule may be modified only for good cause and with the judge's consent," and Plaintiff has not specified any good cause giving rise to his delay in seeking to amend his complaint for a second time. Further, almost all the reasons justifying a Court's denial of leave to amend – the movant's undue delay, dilatory motive, and repeated failure to cure deficiencies, as well as undue prejudice to the nonmovant if the amendment is allowed – is present in this case with regard to this motion.

Therefore, because neither the nature of Plaintiff's proposed additional claims nor the basis of liability for the proposed additional defendants is clear; because Plaintiff has not shown good cause and has a history of late-filing; because this Court repeatedly gave him notice of the consequences of missing this deadline; and because he failed to attach a copy of the proposed amended pleading, required by E.D. Tenn. LR. 15.1, this Court will **DENY** Plaintiff's Motion to Add Additional Claim and Additional Defendants [Court Doc. 39].

## IV.     CONCLUSION

Accordingly, and for the reasons stated above, Plaintiff's Motion to Remand to Bradley County Circuit Court [Court Doc. 13] and Plaintiff's Motion to Add Additional Claim

-27-

and Additional Defendants [Court Doc. 39] are hereby **DENIED**.

In accordance with and for the reasons discussed in depth in Section II(D), the Court hereby **ORDERS** Defendant CHA to file a brief no later than **October 31, 2011** outlining in detail its argument for why subject matter jurisdiction exists in this case. Such brief shall analyze, at a minimum, those issues outlined by the Court, the effect, if any, of Mr. Felts's subsequent filings before this Court, particularly his amendments to the "Complaint," and any other argument CHA deems relevant.

If Plaintiff Mr. Felts wishes to file a response to Defendant CHA's brief, is hereby **ORDERED** to do so by no later than **November 15, 2011**.

All arguments made by both parties **SHALL** be supported by clear, specific citations to relevant authority. Given the parties' past filings, the Court feels compelled to note that, although extrajurisdictional precedent can be useful, in this case relevant authority will likely comprise Tennessee statutes and cases and opinions of the federal courts of Tennessee, including those of the United States Court of Appeals for the Sixth Circuit. Lengthy excerpts from general treatises dealing with other states' statutes or large portions of legal argument citing largely cases from other Circuits and seemingly excerpted from filings in other cases are generally not useful.

Further, for the reasons stated above and pursuant to 28 U.S.C. §§ 1446(b), 1447(b), the Court hereby **ORDERS** Defendant CHA to file by no later than **October 31, 2011** a copy of "all process, pleadings, and orders" in that case, including those filings and proceedings relating to Mr. Felts's May 7, 2010 appeal to Bradley County Circuit Court.

Such filing **SHALL** take the form of an affidavit of counsel:

(1)     outlining, in separate, numbered paragraphs each event or filing that took

-28-

place in those underlying state court proceedings;

(2)     attaching true and correct copies of those filings as exhibits to the affidavit; and

(3)     authenticating those exhibits by affirming that the attached copies are true and correct copies.

The affidavit thus constituting a complete history of the case and index of filings **shall** be in chronological order and **SHALL** start with no event later than the "14 Day-Notice of Lease Termination for Non-Payment of Rent" cited by CHA in its Counter-Complaint, though in CHA's discretion, it may start with an earlier event, including the signing of Plaintiff's lease. Finally, at the conclusion of the filing, counsel **SHALL** certify that to the best of his or her knowledge that filing constitutes a *complete* record of all the filings in the underlying case.

To the extent the parties find it necessary hereinafter to refer to a document that is contained within this complete record of the underlying case history – including if CHA wishes to cite such a document in its brief on subject matter jurisdiction – the Court hereby **ORDERS** that they **SHALL NOT** attach those documents as exhibits to their pleadings, but **SHALL** instead cite to the document attached as an exhibit to this complete history of the underlying proceedings.

Further, in accordance with and for the reasons stated above, Defendant's Motion for Default Judgment and to Strike Answer to Counter-Complaint [Court Doc. 22] is hereby **GRANTED IN PART**, as to the Motion to Strike, and **DENIED IN PART**, as to the Motion for Default Judgment.

Plaintiff's "Counter-Answer" is hereby **ORDERED STRICKEN**, and Plaintiff is hereby **ORDERED** to file an amended answer by **October 31, 2011** that adheres ***strictly*** to the

-29-

following form:

(1)     Plaintiff Mr. Felts must respond to *only* those allegations in found in Defendant CHA's "Counter-Complaint," which consists of paragraphs 1-19 located on pages 17-20 of Defendant CHA's "Answer and Counter-Complaint" [Court Doc. 6].

(2)     Plaintiff's amended answer shall consist of ***nineteen (19)*** separate, numbered paragraphs, with each paragraph responding to the corresponding paragraph in Defendant CHA's Counter-Complaint.

(3)     Each paragraph shall begin with the sentence "The allegations in Defendant's Paragraph 1 are [**ADMITTED**][**DENIED**][**DENIED BECAUSE PLAINTIFF HAS INSUFFICIENT INFORMATION**]," depending on which Plaintiff believes is appropriate.

(4)     Plaintiff must then state his defense to the allegation in ***short*** and ***plain*** terms. It must ***not*** be argumentative nor reproduce arguments made elsewhere and shall not include lengthy excerpts from treatises, cases, or statutes. If reference to authority is necessary, Plaintiff shall simply cite it with a brief (less than one sentence) explanation of its relevance.

(5)     Given the length of the Counter-Complaint (four pages), Plaintiff's Amended Answer must be no longer than **six (6)** pages in length, exclusive of the certificate of service.

Because of the amount of time that has elapsed, Plaintiff's history of untimely filings, and the Court's repeated warnings about the effects of failing to answer, Plaintiff is hereby **ON NOTICE** that if he fails to file his Amended Answer by **October 31, 2011**, all of Defendant's allegations will be deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6).

Further, because of the significance of the jurisdictional issue and because of the stage of the case, all outstanding deadlines in the Court's December 7, 2010 Scheduling Order [Court Doc. 17] – including the deadline for dispositive motions, proposed findings of fact and conclusions of law for a nonjury trial, motions in limine, the final pretrial conference and the trial date – are hereby **CANCELLED**, to be reset in the Court's order on the issue of subject matter jurisdiction.

-30-

As a final matter, in reviewing the parties' pleadings and exhibits, the Court has noted that each party has repeatedly revealed Mr. Felts's "private or personal information" in contravention of E.D. Tenn. LR. 83.3(k) by filing documents containing his Social Security number and bank account information, among other identifiers. *See, e.g.* (Court Docs. 6-1, 20-2, 31-1, & 31-7.). Both parties are hereby **REMINDED** that E.D. Tenn. LR. 83.3(k) requires parties "to protect the private or personal information [of individuals], such as the identification of minors, financial account information, home addresses, and social security numbers, to the extent practicable."

Defendant CHA is hereby **ORDERED** to review its previous filings for such instances of personal information and to submit copies of any of its filings revealing such information with that information redacted to the Clerk's Office on or before **October 31, 2011**.

The Clerk's Office is hereby **DIRECTED** to redact Plaintiff's personal information, including his social security number and bank account number, where it appears on Plaintiff's pleadings at PageID #s 289, 295, 296 , 416, 422, 423, and 510. (Court Doc. 30-1, 5, 11, 12; Court Doc. 33-1, 4, 10, 11; Court Doc. 39-1, 1.)

**SO ORDERED** this 26th day of September, 2011.

         */s/Harry S. Mattice, Jr.*
         HARRY S. MATTICE, JR.
         UNITED STATES DISTRICT JUDGE